# SUPREME COURT.

## In the Matter of Aaron Jacobs.

*Proceedings on habeas corpus for discharge from imprisonment.*

Where the commitment of the relator for contempt shows that the fine, for a certain amount of money imposed upon him, was made up by the value of certain real estate sold by him contrary to the mandate of the court, and a certain sum as the costs and expenses of the plaintiff in the proceedings to punish the relator for the contempt, and a sum as a reasonable allowance for counsel fee:

*Held,* that the commitment being for the whole sum, it is good as a whole or bad as a whole; there is no power to separate it. And that it is entirely clear that the sum allowed for *counsel fee* was illegal and improperly allowed by the court, and rendered the fine imposed for the gross sum and the commitment under it null and void.

*Chambers, July,* 1875.

A MOTION was made in this court for the discharge of Aaron Jacobs from a commitment for contempt by the superior court. Jacobs was committed in December, 1874, for thirty days, and an additional fine of $2,470.54, for the contempt in question. The counsel for the relator moved on the *habeas corpus* proceedings for his discharge, on the ground that the court exceeded its powers in the punishment inflicted. In opposition it was contended that the prisoner was held for a contempt specially charged in the commitment.

WESTBROOK, *J.* — On the 20th day of December, 1874, the relator, Aaron Jacobs, was committed to the common jail of the city and county of New York, for the space of thirty days

and until he should pay a fine of $2,470.54, imposed upon him by the superior court of the city of New York, for an alleged contempt. The relator having been brought before the court upon a writ of *habeas corpus*, upon the return thereto by the sheriff, showing that Jacobs was held by virtue of a commitment issued by the superior court for a contempt therein charged, moves for his discharge, upon the ground that the punishment inflicted was in excess of the power of the court to impose. The counsel for the parties who oppose the discharge insists that, as it appears, the said Jacobs is held for a "contempt specially and plainly charged in the commitment," he cannot be discharged, but must be forthwith remanded. It is not to be denied that our *habeas corpus* act in plain words (3 *R. S.*, 88, *sec.* 55, *5th edition*) makes it "the duty of such court or officer" before whom the writ is returnable "forthwith to remand such party, if it shall appear that he is detained in custody, either * * * (2), by virtue of a final judgment, a decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree; or (3), for any contempt specially and plainly charged in the commitment by some court, officer or body having authority to commit for the contempt so charged." It is also true that another section of the *habeas corpus* act (3 *R. S.*, 888, *sec.* 57, *5th edition*) declares: "But no court or officer, on the return of any *habeas corpus* or *certiorari* issued under this article, shall have power to inquire into the legality or justice of any process, judgment, decree or execution specified in the preceding twenty-second section; nor into the justice or propriety of any commitment for a contempt made by any court, officer or body according to law, and charged in such commitment as hereinbefore provided." In obedience to the plain language of our statutes, as expressed in *People ex rel. Phelps* agt. *Fancher* (9 *N. Y. S. C. R.*, by *Hun*, 226) and in *People ex rel. William M. Tweed* agt. *Liscomb* (10 *N. Y. S. C. R.*, by *Hun*, 760), I concurred in holding that neither "the justice

or propriety of any commitment for a contempt" or the "legality or justice of any * * * judgment" by or of a competent court could be questioned in a proceeding of this character. My own views of these statutes are fully given in the cases to which I have referred; and, if I should follow the inclination of my own judgment, I should hold (unless section 56 of the act, regulating the conduct of the court or officer when the party is confined by " civil process," applies) that there is no power in this court on this proceeding to review the action of the superior court in this matter. My own convictions cannot, however, prevail. I understand the court of appeals to have recently held, in the Tweed Case, that when the judgment under which the party is held was in excess of the power of the court to award, it is remediable by this writ. That is to say, though the court pronouncing the judgment has held it had the power to pronounce it, the party claiming it to be illegal need not resort to a writ of error to arrest or reverse it, but may apply for this writ to any court or officer empowered to grant it; and if such court or officer (and it may be a county judge or special county judge) adjudge that the judgment was in excess of the power of the court, the prisoner may be discharged. Following our court of dernier resort, I am constrained to overrule the objection founded upon our *habeas corpus* act, and examine the question of the power of the superior court to make the order complained of. The commitment shows that the fine of $2,470.54 imposed upon the relator was made up by the value of certain real · estate sold by Jacobs contrary to the mandate of the court, the costs and expenses of the plaintiff in the proceedings to punish the said Aaron Jacobs for the contempt, which were made to appear by affidavit to the satisfaction of the court " to be $252.25, and the further sum of $150, which the court in the commitment declares it is satisfied, " is a reasonable allowance to be made to the plaintiff for counsel fee in these proceedings." As the commitment is to detain the prisoner until he pays the entire sum of $2,470.54, if any part of the

Matter of Jacobs.

amount was illegal, it follows that the commitment is void, because as a whole it is bad. The commitment is for the whole sum. It is not until he shall pay separate sums named, but until he shall pay every dollar of the gross amount. There is no power to separate. It is good as a whole or bad as a whole. In *Ludlow* agt. *Knox* (7 *Abbott's Practice Reports, page* 411, *N. S.*) the court of appeals held that in proceedings of this character the costs which may be imposed are there fixed and allowed by statute, and not those which are usually called "counsel fees," and which rest in discretion. The opinion of GROVER, J., fully covers the point, and to it (*pages* 418, 419, 420) reference is made. It is very questionable whether the item of $252.25, which the commitment states is proven "by affidavit" to be "the costs and expenses" of the proceeding to punish for a contempt, does not contain objectionable items. Waiving this, however, it is entirely clear that the one of $150, which the court says it is satisfied "is a reasonable allowance to be made to the plaintiff for counsel fee in these proceedings," is just such a charge as the decision of the court covers. It was improper, and could not be allowed, and, as it makes up a part of the gross fine imposed, such fine was illegal and improper. It follows that the prisoner is entitled to be discharged.